# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **EMILE JOSEPH RICAHRD**<br>**DOC # 329692** | **DOCKET NO. 6:21-cv-3647**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Emile Joseph Richard (Richard), who is proceeding *pro se* and *in forma pauperis* in this matter. Richard is currently incarcerated at the Avoyelles Marksville Detention Center in Marksville, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, IT IS RECOMMENDED that Plaintiff's suit be DISMISSED WITH PREJUDICE.

### I.  Background

Plaintiff alleges that on or about June 14, 2018, and February 19, 2019, court appointed attorney Justin "Bo" West made false statements during criminal proceedings and assistant public defender Alex D. Chapman failed to correct "ineffective practices to the detriment of clients, using fraudulent, coercive, or

-1-

dishonest practices or misrepresentation." Doc. 1, p. 3. He also alleges that Assistant District Attorney Chris Ludeau had knowledge of his "manifest injustice" and did nothing to justify the wrongdoings. *Id*.

Moreover, on February 21, 2017, the Mamou Police Department violated his Miranda Rights at the New Horizon Treatment Center. *Id*.

Plaintiff filed the instant complaint on October 24, 2021. Doc. 1. He names the following as defendants: the State of Louisiana, 13th Judicial District Court Personnel, Mamou Police Department, Justin "Bo" West, Alex D. Chapman and Chris Ludeau.

## II.   Law & Analysis

### A. *Frivolity Review*

Richard has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of any claim that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of

facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Prescription

Plaintiff filed the instant suit on October 14, 2021, for incidents that he alleges occurred in 2017, 2018 and 2019.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938,

85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's complaint was filed on October 14, 2021, well beyond the expiration of the 1-year period of limitations and therefore, his claims against all defendants have prescribed. Because his claim is time barred, plaintiff has not stated a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this suit be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal

conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this 16th day of February, 2022.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**